UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY SWANIGAN,

    Plaintiff,

v.                                         Case No. 07-C-271

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN FAMILY LIFE INSURANCE COMPANY, and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

## PROTECTIVE ORDER

The Court enters the following Protective Order:

WHEREAS, it is anticipated that the parties will be producing business records during the discovery phase of this litigation;

WHEREAS, certain information, documents and things that are subject to discovery contain sensitive information concerning applicants, claimants, insureds and others that is personal, private, privileged and confidential under state and federal law; and relates to the parties' trade secrets, operations, agreements, identification of customers, amount or source of income, profits, losses, expenditures, production, marketing, sales, or other information the disclosure of which would likely have the effect of violating state or federal law or harming the competitive position of the producing party;

WHEREAS, the parties have agreed that it would be burdensome and impractical to determine protected status on a document by document basis and would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, in the ordinary course of their respective businesses the parties make significant efforts to keep such information confidential from competitors, customers and the public at large, as disclosure of such information would violate state or federal law or place a party at a competitive disadvantage;

WHEREAS, the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and to others;

WHEREAS, the parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just, that good cause has been shown for entry of this Order;

It is therefore ORDERED as follows:

## INTRODUCTION

1. **Personal, Private Information**. The Court finds that it is necessary for the parties to exchange information and documents concerning applicants, insureds, claimants and others that is personal, private, privileged or confidential under state or federal law.

2. **Applicability**. The provisions of this Order shall apply to all depositions, productions of documents and things, answers to interrogatories, responses to requests for admissions, notes, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony and

exhibits adduced at trial, matters in evidence, and any other information that a producing party may designate as protected in connection with this action.

## DEFINITIONS

3. **Producing Party**. The term "producing party" encompasses not only the parties to this action but any third parties who may disclose or produce information, e.g., in response to a subpoena.

4. **Confidential Information**. The term "confidential information" means all information and things in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, note, information contained in a document, information revealed during a deposition, inspection, audit, information revealed in responses to discovery requests or otherwise:

    a.    which is designated as such by the producing party, and

    b.    which constitutes, describes, or relates to personal, private, privileged or confidential information concerning applicants, insureds, claimants and others, operations, agreements, identification of customers, amount or source of income, profits, losses, expenditures, production, marketing, sales, pricing or transfers of the producing party, or other information the disclosure of which (i) may violate state or federal law; (ii) is likely to have the effect of harming the competitive position of the producing party or (iii) would violate an obligation of confidentiality to a third person, including a court.

The terms and provisions of this Order are not "confidential information."

5. **Protected Information**. The terms "protected" and "protected information" encompass confidential information.

6. **Exceptions to Confidentiality Status**. Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

3

a. is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

b. is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party.

7. **Outside Attorneys**. The term "outside attorneys" means the attorneys of record for the parties in this action and other attorneys who are members or employees of the law firms of the attorneys of record but who are not themselves of record.

8. **Law Firm Personnel**. The term "law firm personnel" means regular full- or part-time employees of the law firms of the outside attorneys for any party to whom it is necessary that protected information be disclosed for purposes of any dispute between parties to this lawsuit.

9. **In-House Counsel**. The term "in-house counsel" means attorneys (i.e., members in good standing of the bar of the highest court of any state or of any federal district court) who are regular full- or part-time employees of a party and who are working directly on this litigation.

10. **Outside Consultants/Experts**. The term "outside consultants/experts" means persons who are not employed by a party, but who are retained by a party or its outside attorneys for the purpose of assisting in preparation of this litigation for trial (e.g., accountants, statisticians, economists, technical consultants or other technical experts) and who have signed a document in substantially the form of Exhibit A attached hereto.

11. **Service Bureau**. The term "service bureau" means a company that:

a. is independent of the parties;

b. is engaged by outside attorneys to perform document management services in connection with this litigation, e.g., clerical services, photocopying, imaging, computer data entry, and the like; and

A company will not be deemed non-independent for purposes of this section solely because it does business, regularly or irregularly, with a party.

12. **Other Qualified Person**. The term "other qualified person" means any other person (a) who is so designated (i) by order of the Court after notice and an opportunity to be heard to all affected parties, or (ii) by agreement of the producing party, and (b) who has signed a document in substantially the form of Exhibit A attached hereto.

## DESIGNATION AND IDENTIFICATION OF INFORMATION

13. **Labeling of Documents**. Protected information that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation as "confidential." In the case of documents, designation shall be made by placing "confidential" on the first page of a compiled set of pages which are physically attached together and produced as such, **or** every page of the document prior to production.

14. **Designation of Other Disclosures**. Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

15. **Preliminary Designation of Documents Being Inspected**. If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "confidential-attorneys' eyes only." Thereafter, on selection of specified documents for copying by the inspecting party, the producing

5

party shall mark either the original documents or the copies or such documents as may contain protected subject matter with the appropriate confidentiality designation at the time the copies are produced to the inspecting party.

16. **Designation Not Determinative**. Designation of documents or other specified information as protected by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

17. **Challenges to Confidentiality Designations**. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. (The parties are strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular protected information.) If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court. The burden of proving that the information has been properly designated as protected is on the party making such designation.

18. **Designation of Deposition Testimony**. The following procedure shall be followed if protected information of a producing party is discussed or disclosed in a deposition:

    a. The producing party shall have the right to exclude from attendance at the deposition, during such time as the protected information is to be discussed or

disclosed, any person other than counsel, the deponent, the court reporter, and the parties.

    b. The protected information shall be designated as confidential at the request of counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for any party).

    c. If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains confidential information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

    d. Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing confidential information, and specific designations for each item or group of items on the list.

## ACCESS TO INFORMATION

19. **Access to Protected Information**. Access to protected information disclosed to a receiving party shall be limited as follows:

    a. "CONFIDENTIAL" information shall be limited to representatives and employees of the parties, outside counsel for any party, law firm personnel, in-house counsel, in-house clerical staff, service bureaus, outside consultants/experts, and other qualified persons, as designated.

20. **Disclosure in Certain Circumstances**. Nothing in this Order shall preclude any party to the lawsuit or their outside counsel from:

    a. showing a document designated as protected to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document; or

    b. disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as protected.

7

21. **Inadvertent Production**. If a party inadvertently produces a document containing protected information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality. Additionally, the inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product. No party shall be held to have waived any rights by such inadvertent production.

22. **Restrictions On Use**. Disclosure of information designated as protected shall be solely for the purposes of litigating or resolving the present action; information so disclosed shall not be used for any other purpose, including, without limitation, the use by any person for any other lawsuit or for any purpose other than the preparation for the trial of this action. The persons receiving the information in question are ENJOINED from disclosing it to any other person except in conformance with this Order.

## OTHER PROVISIONS

23. **Filing Under Seal**. No document or thing containing protected information shall be filed with this Court unless it is in a sealed, opaque container or envelope including on the outside thereof the case heading of this litigation and a notification that the contents are subject to a protective order and the container is not to be opened except on further order of this Court or by stipulation of counsel for all parties. The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as protected that is so filed in this litigation.

24. **Use of Information in Court Proceedings**. Any receiving party that knows that it intends to present protected information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court. In appropriate circumstances, such procedures might include, for example, submission of written testimony under seal, presentation of "declassified" summaries of protected information, and the like. The Court does not here determine which, if any, such procedures might be suitable in particular situations. Absent a stipulation of all parties, the fact that information has been designated as protected shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

25. **Disposition of Documents, etc., After Final Disposition**. At the conclusion of the litigation, all material not received in evidence and treated as Confidential under this Protective Order shall be returned within sixty (60) days, to the originating party. If the parties so stipulate in writing, the material may be destroyed.

26. **No Waiver of Right or Obligation to Object to Production**. Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any discovery requests in this action, nor as a waiver by any other party of any right to obtain a proper response to discovery requests. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues

9

Case 2:07-cv-00271-WEC   Filed 06/07/07   Page 9 of 12   Document 17

raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

27. **Third Parties**. In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this Order in writing to all parties to the action with respect to any protected information to be provided to the requesting party by the nonparty.

28. **Continuing Jurisdiction**. This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit A, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order. The termination of proceedings in this action shall not relieve any person to whom Protected Information was disclosed from the obligations of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

29. **Requests for Additional Protection**. This Order shall be without prejudice to the right of the parties to request additional protection under Wisconsin law for discovery requests made hereafter by any party.

**SO ORDERED** this 7th day of June 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GARY SWANIGAN
4013 West Hartford Avenue
Glendale, AZ  85308

       Plaintiff,                          Case No. 2:07-CV-271

      v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN FAMILY LIFE INSURANCE COMPANY,
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,
6000 American Parkway,
Madison, WI  53783-0001

       Defendants.

_____

**UNDERTAKING PURSUANT TO AGREED
CONFIDENTIALITY/PROTECTIVE ORDER**
_____

    1.    I, the person named below, declare that the following information is true:

        a.    Name: _____

        b.    Address: _____

        c.    Employer name and address: _____
                    _____

        d.    Title/Occupation: _____

    2.    I have received a copy of the Joint Stipulation and Protective Order ("the Protective Order") in this action.

11

3. I have carefully read and understand the provisions of the Protective Order. I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any protected information received, except in accordance with the terms of the Protective Order.

4. I understand that I am to retain all copies of any of the protected information that I receive in a safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all protected information that comes into my possession to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

5. I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

EXECUTED UNDER PENALTY OF PERJURY on _____, 2007, in the State of _____.

_____
(SIGNATURE)

12

Case 2:07-cv-00271-WEC   Filed 06/07/07   Page 12 of 12   Document 17